NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASCO REAL PROPERTIES I, LLC; et al., | No. 17-71810 |
| Petitioners-Appellants, | Tax Ct. Nos. 8111-12 |
| | 8112-12 |
| v. | 8113-12 |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted December 3, 2018**
Pasadena, California

Before: D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Petitioners-Appellants (1) Wasco Real Properties I, LLC, Gardiner Family Trust, Tax Matters Partner ("Wasco"); (2) Rosedale Ranch, a general partnership, Rosedale Farming Group, Tax Matters Partner ("Rosedale"); and (3) King and Gardiner Farms, LLC, Keith Gardiner, Tax Matters Partner ("K&G") appeal the decision of the United States Tax Court generally upholding the Final Partnership Administrative Adjustments issued by the Commissioner of Internal Revenue ("IRS"). Because the Tax Court correctly held that Petitioners-Appellants were required to capitalize, rather than deduct, the property taxes and interest payments made on the property purchased for their commercial almond farming operations, we affirm the decision of the Tax Court.

A Tax Court's determination that the facts of the case fall within a particular legal definition is reviewed de novo. *DHL Corp. & Subsidiaries v. Comm'r*, 285 F.3d 1210, 1216–17 (9th Cir. 2002).

The Tax Court correctly held that Wasco was required to capitalize the property taxes corresponding to the portion of the Wasco Property on which almond trees were grown. The property taxes paid on the land were incurred in the course of using the land to grow the trees, and directly benefit the growing of the almond trees because paying property taxes allows the land to continue to be used for the growth of almond trees. *See* 26 C.F.R. § 1.263A-1(e)(3)(i)(A). As such, the property taxes paid on the land are indirect costs allocable to the production of the

2

almond trees and were required to be capitalized under I.R.C. § 263A(2)(B).

The Tax Court correctly held that each Petitioner-Appellant was required to capitalize the interest paid on the land acquisition debt corresponding to the portion of its land on which almond trees were grown. The interest on the land acquisition debt is allocable to the almond trees within the meaning of I.R.C. § 263A(f)(1)(B) and as defined by the allocation rules in § 263A(f)(2)(A). The land acquisition debt is directly attributable to the production expenditures of the almond trees, because the cost of the land is a production expenditure of the trees. *See* I.R.C. § 263(f)(5)(C). The cost of the land is a production expenditure because it is required to be capitalized as an indirect cost. *See* I.R.C. § 263A(a)(2)(B); 26 C.F.R. § 1.263A-11(a). The cost of the land is an indirect cost because it "directly benefit[s]" or is "incurred by reason of the performance of production" of the almond trees. 26 C.F.R. § 1.263A-1(e)(3)(i)(A). The land on which the almond trees grow directly benefits the production of the almond trees by providing the soil and nutrients that the trees require to grow. The cost of the land was also incurred by reason of producing the trees; that is, the farmers had to buy the land as the first step in the process of production of the almond trees.

I.R.C. § 263A(a)(2) does not exclude the cost of the land from capitalization because the cost of the land may be taken into account in computing income for a future taxable year as part of the basis of the property, e.g., when the land is sold.

*See* 26 C.F.R. § 1.263A-1(c)(3), (4). Therefore, the interest paid on the land acquisition debt is allocable to the almond trees and each Petitioner-Appellant was required to capitalize the interest corresponding to the portion of its land on which almond trees were grown.

The Tax Court correctly applied the anti-abuse rule to hold that K&G and Rosedale were required to capitalize the interest they paid on the funds they borrowed and contemporaneously lent to Wasco to purchase the Wasco property. The text of the anti-abuse rule does not contain a "purposeful avoidance" requirement. *See* 26 C.F.R. § 1.263A-15(c). Avoidance can be evidenced by conduct. The situation here is exactly the type that the anti-abuse rule contemplates. If Wasco had obtained the loans directly from the third parties without going through Rosedale and K&G, Wasco would be required to capitalize the interest.

The duty of consistency does not preclude the § 481 adjustments made by the IRS. The duty of consistency applies to changes made by the taxpayer, not adjustments imposed by the Commissioner. I.R.C. § 481(a); *see Rankin v. Comm'r*, 138 F.3d 1286, 1288 (9th Cir. 1998).

Petitioners-Appellants have not carried the burden of clearly showing their right to the claimed deductions.

The decision of the Tax Court is **AFFIRMED**.